IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-MJ-1057-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER ON PROBABLE CAUSE |
| ) | |
| AMOS JONES, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for a preliminary hearing on a charge contained in a criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142, to detain Defendant pending further proceedings. On March 3, 2025, Defendant was charged in a criminal complaint for distributing a quantity of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). [DE-1].

At the hearing the government presented the testimony of Jeremy Boswell, a Task Force Officer attached to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Defendant did not present any evidence. Agent Boswell testified that on or about February 26, 2025, a confidential informant, who had provided law enforcement with reliable information in the past, exchanged law enforcement-provided money to Defendant in exchange for a quantity of cocaine at a residence located at 246 Backwoods Lane in Onslow County, North Carolina, that the transaction was audio and visually recorded and theat Defendant is visible in the video recording of the exchange. The substance exchanged was subsequently field-tested as positive for cocaine.

The court finds Agent Boswell's testimony credible and sufficient to establish probable cause to support the charge contained in the criminal complaint.

Defendant requested a continuance of the detention hearing without objection in order to

identify a suitable potential third-party custodian. For good cause shown, the motion is allowed, and will be reset by separate order.

The court finds that, based on counsel's need for additional time to prepare for the hearing, the ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial. It is therefore ordered further that the period of delay necessitated by this continuance is excluded from the speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

So ordered, the 20th day of March 2025.

_____
Robert B. Jones, Jr.
United States Magistrate Judge